**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Willie Matthews, *et al.*, | Case No. 2:25-cv-06047-RMG |
| Plaintiffs, | |
| v. | |
| | **ORDER AND OPINION** |
| Noble Insurance Advisors, LLC, | |
| Defendant. | |

Before the Court is Defendant Noble Insurance Advisors, LLC's ("Noble") motion to dismiss Plaintiffs' case. (Dkt. No. 4). Plaintiffs responded in opposition and Defendant replied. (Dkt. Nos. 8, 11). For the reasons set forth below, the Court denies Defendant's motion.

## I.     Background

Plaintiffs Willie Matthews, Shirley Matthews, Anthony Ham and Elaine Ham, as assignees of Action Abatement, Inc. and James Cohen Williams, (collectively, "Plaintiffs"), filed the present suit alleging Noble, a professional insurance broker, negligently advised and made key misrepresentations to its client Action Abatement resulting in damages to Plaintiffs. (*See generally* Dkt. No. 1-1). As background, Action Abatement, an asbestos abatement contractor, entered into a subcontract with Whiting-Turner, Inc. to perform work related to a construction project at the College of Charleston on August 25, 2021. (Dkt. No. 1-1, ¶ 25). The subcontract contained mandatory insurance requirements which Action Abatement had to procure in order to be eligible to serve as the subcontractor on the project, including "that Action Abatement maintain business automobile insurance coverage applying to all owned, hired, and non-owned vehicles with combined single limits of at least $1,000,000.00 per accident" and "that Action Abatement maintain umbrella liability insurance in excess of its business automobile liability coverage with

1

limits of $5,000,000,00 per accident, and that such coverage follow form and be as broad as Action Abatement's primary business automobile liability insurance coverage." (*Id.*, ¶¶ 26-29) Plaintiffs allege that "Action Abatement provided the Whiting-Turner Subcontract's mandatory insurance requirements to Noble as part of its pattern and practice with Noble" and understood that Noble would take the necessary steps to ensure that Action Abatement's insurance coverage complied with the subcontract prior to issuing a certificate of insurance verifying that fact. (*Id.*, ¶¶ 33-37). Plaintiffs claim that Noble in fact failed to procure the excess umbrella automobile liability coverage required by the Whiting-Turner subcontract, which was revealed after Plaintiffs Willie Matthews and Willie Ham were struck by James Cohen Williams, a former employee of Action Abetment, while he was driving a work vehicle from the project site to Action Abatement's Headquarters, severely and permanently injuring Matthews and Ham. (*Id.*, ¶¶ 67-71) Plaintiffs seek actual and punitive damages from Noble as a result of its alleged professional negligence and negligent misrepresentation. (*Id.*, ¶¶ 88-118).

## II.    Legal Standard

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

2

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III.     Discussion

Noble moves to dismiss Plaintiffs' Complaint on the grounds that it fails to state a claim upon which relief can be granted and that Plaintiffs' claims fail as a matter of law. (Dkt. No. 4). With regards to Plaintiffs' professional negligence claim, Noble argues that "Plaintiffs' allegations that Noble 'voluntarily undertook' certain duties are based on conclusory factual allegations" and that "Plaintiffs' allegations of an implied duty on behalf of Noble through a purported 'pattern and practice' . . . are likewise insufficient." (*Id.* at 11-13). Noble also contends that Plaintiffs' negligent misrepresentation claim "fails as a matter of law because the certificate of insurance for the relevant policy period . . . accurately identifies Action Abatement's coverage and because Action Abatement could not have justifiably relied on the alleged misrepresentations." (*Id.* at 15).

The Court finds that Plaintiffs have sufficiently plead facts underlying both causes of action. Plaintiffs allege that Noble regularly advised and acted on behalf of Action Abatement to comply with contractors' insurance requirements when entering into various subcontracts yet failed to procure the insurance required by Whiting Turner despite advising Action Abatement that

3

it had done so.  Plaintiffs have plead that Noble's acts or omissions in procuring the required insurance coverage and making representations as to that coverage violated its duty to its client and that Action Abatement justifiably relied on such representations.  At the motion to dismiss stage, the Court need not wade into the plethora of evidence outside of the Complaint exhibited by both Parties—rather, it need only consider whether, taking all well-pleaded facts as true, Plaintiffs have stated a claim for relief that is plausible on its face.  *Twombly*, 550 U.S. at 570.  Here, the Court finds that Plaintiffs have done so, such that their Complaint survives dismissal.

**IV.    Conclusion**

In light of the foregoing, Defendants' motion to dismiss is **DENIED**. (Dkt. No. 4).

**AND IT IS SO ORDERED.**


s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 6, 2025
Charleston, South Carolina

4